IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONNA GAIL HOLT )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>HMS HOST USA )<br>)<br>Defendant ) | Case No. 3:09-cv-344<br><br>JUDGE HAYNES |

## MEMORANDUM

Plaintiff Donna Gail Holt, a citizen and resident of Tennessee, originally filed an action in the Circuit Court of Davidson County, Tennessee, against Defendant HMS HOST USA, a Delaware corporation with its principal place of business in Bethesda, Maryland. Plaintiff asserts state law claims for unlawful employment practices under the Tennessee Public Protection Act, Tenn. Code. Ann. § 50-1-304, Tennessee Human Rights Act, Tenn. Code. Ann. § 4-21-101, et seq., and Tennessee common law claims. Specifically, Plaintiff contends she was terminated on March 14, 2008 in retaliation for reporting health and safety violations and for subjected to gender discrimination. Defendant removed the action to this Court under 28 U.S.C. § 1441(b), citing 28 U.S.C. § 1332, the diversity jurisdiction statute, for this Court's jurisdiction. In its notice of removal, the Defendant asserts complete diversity of citizenship and an amount in controversy exceeding $75,000.

Before the Court is Plaintiff's motion to remand the action to state court (Docket Entry No. 6), to which the Defendant has responded. Plaintiff's motion to remand argues that

1

Defendant has not met its burden of establishing the amount in controversy requirement. Plaintiff contends that "Defendant has made an unsupported assumption that Plaintiff sought over $75,000 in damages in her complaint, which is insufficient to support removal." (Docket Entry No. 6, Motion to Remand, at 1-2).

Defendant responds that Plaintiff has not stipulated that she seeks less than $75,000 and Plaintiff's counsel stated that compensatory damages could be $5,000 or $100,000. (Docket Entry No. 9, Opposition Memorandum, at 1; Docket Entry No. 10, Attachment 1). Plaintiff earned $34,999.64 in 2007. (Docket Entry No. 11, Declaration, at ¶ 3). Defendant estimates that back pay from the date of Plaintiff's termination through the date of removal would be approximately $38,000. (Docket Entry No. 9, Opposition Memorandum, at 3). Defendant further asserts that back pay alone, excluding benefits, could be nearly $75,000 assuming a two year time period between Plaintiff's termination and trial. Id. Defendant argues that by aggravating the other four types of recovery sought by Plaintiff it is "more likely than not" that the Plaintiff's claim satisfies the $75,000 requirement. Id. at 3-4.

## A. Analysis of the Motion

Plaintiff's complaint seeks back pay, lost benefits, front pay, compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life, and punitive damages. (Docket Entry No. 1, Attachment 1, Complaint, at p. 3). Plaintiff's complaint also seeks attorneys' fees, expenses, costs, and "such other and further legal or equitable relief to which she may be entitled." Id. Plaintiff's complaint does not assert an amount in controversy.

Defendant's Notice of Removal states the following regarding the amount in controversy: "Plaintiff avers that she is entitled to the following relief: back pay, lost benefits, front pay,

compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life, punitive damages, and other equitable relief. While Plaintiff does not set forth a dollar amount in her Complaint, for the purposes of this Notice of Removal only . . . it appears more likely than not that the relief sought by Plaintiff exceeds $75,000. . .[.]" (Docket Entry No. 1, Notice of Removal, at 2).

## B. Conclusions of Law

Removal statutes are subject to strict construction, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941) and are "to be construed strictly, narrowly and against removal." Tech Hills II Assoc. v. Phoenix Home Life Mut. Ins. Co., 5 F.3d 963, 968 (6th Cir.1993). Moreover, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir.1999).

The issue here is whether the amount in controversy satisfies the prerequisite for diversity jurisdiction under 28 U.S.C. § 1332. Under 28 U.S.C. § 1332(a), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Damages claims can be aggregated to establish jurisdictional amount requirement, Lemmon v. Cedar Point, Inc., 406 F.2d 94, 96 (6th Cir.1969), including punitive damages "unless it is apparent to a legal certainty that such cannot be recovered." Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir.2001) (citation omitted).

In diversity citizenship actions, "[t]he general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" Horton v. Liberty Mut.

3

Life Ins. Co., 367 U.S. 348, 353 (1961) (quoting St. Paul Mercury Indem. Co. v. Red Cob. Co., 303 U.S. 283, 288 (1938)). Federal jurisdiction in a diversity case is determined as of the time of removal. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir.2000)). When considering a motion to remand, the court looks to "whether the action was properly removed in the first place." Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 453 (6th Cir.1996)).

The burden is on the defendant seeking removal "to show by a preponderance of the evidence that the amount in controversy requirement has been met." Hayes, 266 F.3d at 572. The Sixth Circuit defined this burden as proving that "it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirements." Rogers, 230 F.3d at 871 (citation omitted).

Here, Plaintiff's complaint does not assert an amount in controversy and does not provide sufficient information to assess the likely amount of damages. Defendant must demonstrate that at the time of removal, the amount in controversy was "more likely than not" above the jurisdictional threshold. Defendant did not include any specific facts in the Notice of Removal to satisfy its burden of proving that the amount-in-controversy was "more likely than not" in excess of $75,000. Moreover, the Notice of Removal did not assign a monetary value to Plaintiff's various claims for relief.

The Court notes that in Hayes, the Sixth Circuit noted that ""[f]ailure to adequately plead the amount in controversy requirement may be cured by the presence of "clear allegations . . . that the case involved a sum well in excess of the $75,000 minimum." Hayes, 266 F.3d at 573 (quoting Cook v. Winfrey, 141 F.3d 322, 326 (7th Cir. 1998). In Hayes, the Plaintiff did not assert an amount in controversy and did not stipulate that the damages were under $75,000. Hayes, 266 F.3d at 573. The initial complaint, attached to the Notice of Removal, sought

"royalties and gross values of minerals extracted from four separate wells, two of which dated back to 1941, as well as punitive damages." Id. The Notice of Removal alleged that "Plaintiff's were 'seeking unspecified and unliquidated damages, that based upon a fair reading of [Plaintiffs'] complaint, will exceed Seventy Five Thousand Dollars ($75,000) if proven.'" Id. The Sixth Circuit held that Defendant's pleading of the amount in controversy requirement in the Notice of Removal was adequate and agreed that a "fair reading of the unspecified and unliquidated damages sought by Plaintiffs [in the initial complaint] provided that more than $75,000 was in controversy." Id. Thus, the Sixth Circuit held that defendant "met its burden of demonstrating satisfaction of the amount in controversy requirement for diversity jurisdiction." Id.

The Court concludes that the instant case is factually distinguishable from Hayes. The complaint in Hayes alleged damages for royalty payments and gross value of minerals from four wells over a lengthy time span, sixty years on two of the wells, as well as punitive damages. Here, Plaintiff seeks back pay, front pay, compensatory damages and punitive damages relating to her termination in March 2008, a relatively recent event. See also Rosenstein v. Lowe's Home Ctr., Inc., 06-CV-415-KKC, 2007 WL 98595, * 2 (E.D. Ky. Jan. 9, 2007) (granting remand after distinguishing Hayes based upon differences in facts and claims where nothing in complaint suggested amount of Plaintiff's damages in a slip and fall case, which could be minimal, thus minimizing exposure for punitive damages). Thus, here, unlike Hayes, the Plaintiff's failure to adequately plead the amount in controversy requirement in the complaint was not cured by the Defendant's allegations in the Notice of Removal. As a result, the Court concludes that the allegations of the Complaint and the Notice of Removal are insufficient to demonstrate that the

5

amount in controversy was "more likely than not" to be above $75,000 at the time of removal. Leys v. Lowe's Home Ctr. Inc., 601 F.Supp.2d 908, 911, 914-915 (W.D. Mich. 2009).

Moreover, Plaintiff's refusal to stipulate that the damages are less than $75,000 does not itself justify removal. "[I]f a defendant asks a plaintiff to stipulate that the damages are below the jurisdictional amount [and] if the plaintiff refuses to stipulate, the case cannot be removed based solely on this refusal." Davis v. BASF Corp., No. Civ. 03-40198, 2003 WL 23018906, *2 (E.D. Mich. Nov. 24, 2003). See also Leys, 601 F.Supp.2d at 917. Similarly, counsel's subsequent statement regarding compensatory damages "is not sufficient to establish by a preponderance of the evidence that the amount in controversy requirement is met." Davis, 2003 WL 23018906 at * 3.

The Court resolves all doubts against removal. Coyne, 183 F.3d at 492. For the foregoing reasons, the Court concludes that Defendant has not met its burden of demonstrating that the amount in controversy requirement has been met. Accordingly, Plaintiff's motion to remand (Docket Entry No. 6) should be granted.

An appropriate Order is filed herewith.

Entered on this the ___18___ day of June, 2009.

WILLIAM J. HAYNES, JR,
United States District Judge

6